**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>**Christine C. Eng Khabbaz, et al.**</u>

      **v.**                                    Case No. 06-cv-206-PB

<u>**Jo Anne Barnhart**</u>,
<u>**Commissioner of Social Security**</u>


<u>**ORDER CERTIFYING QUESTION
TO THE NEW HAMPSHIRE SUPREME COURT**</u>

Christine C. Eng Khabbaz was conceived after her father's death via artificial insemination.  Her eligibility for Social Security survivor's benefits depends upon whether she can inherit from her father under New Hampshire intestacy law.  The Social Security Commissioner denied Christine's application for survivor's benefits based on its interpretation of N.H. Rev. Stat. Ann. § 561:1, which permits a deceased's "surviving issue" to inherit some or all of the decedent's estate upon a determination of intestacy.  Christine has filed an action in this court challenging the Commission's interpretation of New Hampshire law.  Because the case turns on an important and unresolved question of New Hampshire law, I certify the question

that appears at the end of this order to the New Hampshire
Supreme Court.

## I.   <u>BACKGROUND</u>

1.    Donna M. Eng and Rumzi Brian Khabbaz were married on
September 17, 1989.  (Transcript ("Tr.") at 105).  On August 18,
1995, their son, Daniel, was born.  (Tr. at 42).

2.    In April 1997, Mr. Khabbaz was diagnosed with a
terminable illness.  (Tr. at 44).

3.    Subsequently, Mr. Khabbaz began to bank his sperm so
that Ms. Eng could attempt to conceive a child through artificial
insemination.  (Tr. at 45).  On February 26, 1998, Mr. Khabbaz
executed a "Supplemental Consent to Use of Sperm or Embryos by
Spouse" which stated the following:

> I, Brian Khabbaz, hereby consent to the use of
> my sperm samples, which are presently stored
> at Boston IVF and intended to be transferred
> to Massachusetts General Hospital or such
> other facility as she or I designate, by my
> wife, Donna Eng, for the purpose of attempting
> to achieve a pregnancy.  I also consent to my
> wife using my sperm samples or any embryos
> created by my sperm samples after my death or
> incapacity for any purpose she desires. Should
> my wife become pregnant as a result of my
> sperm samples, whether through artificial
> insemination or embryo creation and transfer,

-2-

> it is my desire and intent to be legally
> recognized as the father of the child to the
> fullest extent allowable by law whether I am
> alive or deceased at the time of use of the
> sperm or embryos or birth of any child so
> conceived.

(Tr. at 103).

4.    Mr. Khabbaz died on May 23, 1998, while domiciled in New Hampshire.  (Tr. at 60).

5.    After Mr. Khabbaz's death, Ms. Eng conceived a child through artificial insemination using Mr. Khabbaz's banked sperm. (Tr. at 106-11).  On July 8, 2000, plaintiff Christine C. Eng Khabbaz was born.  (Tr. at 113).

6.    On or about August 23, 2000, Ms. Eng, on behalf of Christine, filed an application for Social Security survivor's benefits (i.e., child's insurance benefits) based on the earnings record of Mr. Khabbaz.  (Tr. at 60-61).

7.    The Social Security Administration denied the application initially and upon reconsideration.  (Tr. at 64, 69-73).

8.    On October 21, 2003, a hearing was held before an Administrative Law Judge ("ALJ").  (Tr. at 37-59).  On May 6, 2004, the ALJ issued a decision that Christine [wa]s not entitled

to child's insurance benefits based on the earnings record of Mr. Khabbaz.  (Tr. at 25-35).

9.   On March 29, 2006, the Appeals Council of the Social Security Administration issued a final decision that Christine [wa]s not entitled to child's insurance benefits under section 216(h) of the Social Security Act, 42 U.S.C. § 416(h), on the record of Mr. Khabbaz, because it was the opinion of the Appeals Council that Christine could not inherit from him under New Hampshire intestacy law.  (Tr. at 2-8).  Specifically, the Appeals Council ruled that Christine could not inherit from Mr. Khabbaz under New Hampshire intestacy law because it interpreted New Hampshire law to allow an intestate estate to pass only to the "surviving issue" of an intestate decedent, see N.H. Rev. Stat. Ann. § 561:1, and therefore barred inheritance by any biological offspring not conceived before the death of the intestate decedent.  (Id.)

10.   On May 31, 2006, plaintiff filed the instant action challenging the final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).

-4-

## II.   <u>CERTIFIED QUESTION</u>

The New Hampshire Supreme Court's answer to the certified question will resolve this action because, under the Social Security Act (the "Act"), an individual who is the "child" of an insured wage earner and is dependent on the insured at the time of his death is entitled to child's insurance benefits.   42 U.S.C. § 402(d)(1).  In determining "child" status, the Act instructs the Commissioner:

> In determining whether an applicant is the child . . . of a fully or currently insured individual for purposes of this subchapter, the Commissioner of Social Security shall apply such law as would be applied in determining the devolution of intestate personal property . . . by the courts of the State in which [such insured individual] was domiciled at the time of his death . . . Applicants who according to such law would have the same status relative to taking intestate personal property as a child of parent shall be deemed such.

42 U.S.C. § 416(h)(2)(A). [1] Thus, if Christine may inherit from Mr. Khabbaz as his surviving issue under New Hampshire intestacy

---

[1]   If an applicant does not qualify as a "child" under Section 416(h)(2)(A), the Act provides three other mechanisms for establishing "child" status.  <u>See</u> 42 U.S.C. §§ 416(h)(2)(B), 416(h)(3)(C)(I), 416(h)(3)(C)(ii).  None of these mechanisms is applicable here, however.

law, she is considered to be the "child" of Mr. Khabbaz under the

Act and is therefore entitled to child's insurance benefits.[3]

The New Hampshire Supreme Court has not yet addressed the

question of New Hampshire law on which this case depends.

Accordingly, I certify the following question to the New

Hampshire Supreme Court:

> Is a child conceived after her father's death
> via artificial insemination eligible to
> inherit from her father as his surviving
> issue under New Hampshire intestacy law?

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

October 3, 2006

cc:  Timothy Kerrigan, Esq.
     Preeya Noronha, Esq.

---

[3]  Under the Act, a claimant must also show that she "was
dependent upon" the deceased wage earner "at the time of [the
wage earner's] death" in order to be eligible for child's
insurance benefits.  42 U.S.C. § 402(d)(1)(C)(ii).  A claimant
who qualifies as a "child" pursuant to Section 416(h) is "deemed
to be the "legitimate" child of the wage earner, and is thus
automatically "dependent" upon the wage earner under the Act.
See 42 U.S.C. § 402(d)(3); 20 C.F.R. § 404.361(a).  Therefore, if
Christine qualifies as the "child" of Mr. Khabbaz pursuant to
Section 416(h) of the Act, i.e., if Christine can inherit from
Mr. Khabbaz as a surviving issue under New Hampshire intestacy
law, then she is "deemed" dependent upon Mr. Khabbaz and is
entitled to child's insurance benefits.